UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. DENNING, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00951-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AGAINST DEFENDANT HILLMAN BE DENIED<br><br>[ECF No. 28] |

Plaintiff James Cato, Jr. is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for civil contempt against Defendant Hillman, filed March 9, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Denning and Hillman for violations of Plaintiff's right under the First Amendment when they confiscated pictures from his mail on various occasions from 2018-2019.

On December 20, 2019, Defendants filed an answer to the complaint.

1

After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on February 28, 2020.

As previously stated, on March 9, 2002, Plaintiff filed the instant motion for civil contempt against Defendant Hillman. Defendant Hillman filed an opposition on March 27, 2020, and Plaintiff filed a reply on April 10, 2020.

## II.
## LEGAL STANDARD

To establish civil contempt, a movant bears the burden to show (1) that a party "violated [a] court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." See United States v. Bright, 596 F.3d 683, 694 (9th Cir. 2010) (internal quotation marks omitted). There need not be a willful violation of the order in order for the court to find civil contempt. Asay, 614 F.2d at 661 (citing McComb v. Jacksonville Paper Co., 336 U.S. 187 (1948). Once the moving party makes this showing, the burden shifts to the disobeying party to demonstrate it "took all reasonable steps within [its] power to insure compliance" with the court's order. Hook v. Ariz. Dep't of Corr., 107 F.3d 1397, 1403 (9th Cir. 1997) (citation and quotation marks omitted). "Any doubts as to whether these requirements have been met in a particular case must be resolved in favor of the party accused of the civil contempt." O'M & Assocs., LLC v. Ozanne, No. 10cv2130 AJB(J), 2011 WL 2160938, at *4 (C.D. Cal. June 1, 2011) (quoting 7 Moore's Federal Practice § 37.51[7][b] ).

## III.
## DISCUSSION

Plaintiff seeks to hold Defendant Hillman in civil contempt of claiming that Hillman violated a court order in Clement v. California Dep't of Corrections, 364 F.3d 1148, 1151 (9th Cir. 2004)

On September 9, 2002, the United States District Court issued a permanent, statewide injunction in Clement v. California Department of Corrections which enjoined the California Department of Corrections (CDC) "from enforcing a policy of rejecting prisoner mail based solely on the fact that the mail contains information downloaded from the Internet." 220 F.Supp.2d 1098, 1115 (N.D. Cal. 2002). In Clement, the Court reviewed Pelican Bay's internet-generated mail policy that

provided: "No Internet Mail. After reviewing staffing levels and security issues internet mail will not be allowed. To do so would jeopardize the safety and security of the institution." <u>Clement</u>, 364 F.3d at 1150.  The Court held that CDCR, "as well as their officers, directors, employees, agents and those in privity with them are enjoined from enforcing any policy prohibiting California inmates from receiving mail because it contains Internet-generated information." <u>Id.</u> at 1151.

On April 20, 2004, the Ninth Circuit affirmed the District Court decision in <u>Clement</u>. 364 F.3d at 1153.  The Court found the CDCR internet policy unconstitutional and upheld the District Court injunction prohibiting the CDCR from further enforcement of its internet policy.  <u>Id.</u> at 1152.  The Ninth Circuit specifically held that the policy prohibiting any material downloaded from the internet was an "arbitrary way to achieve reduction in mail volume."  <u>Id.</u>  The Court discussed the scope of the injunction as follows:

> The injunction prohibits banning internet materials simply because their source is the internet. It does not prohibit restrictions for any legitimate penological or security reason. Without violating the injunction, legitimate restrictions could be adopted by any prison to meet its individual needs, for example page limitations, or a ban on recipes for pipebombs.

<u>Id.</u> at 1153.

Thus, the permanent injunction issued in <u>Clement</u>, enjoins prison officials from "enforcing any policy prohibiting California inmates from receiving mail *because* it contains Internet-generated information." <u>Id.</u> at 1151 (emphasis added).  Plaintiff contends that during the month of January 2019, Defendant Hillman confiscated approximately 30 pictures from his mail in violation of CDCR's obscenity policy.  Plaintiff further contends the photographs were confiscated because they had a P.O. Box and website address from which obscene materials could allegedly be obtained.  Plaintiff argues that because the photographs were ordered through the internet and were thereafter confiscated by Defendant Hillman, Hillman violated the court order in <u>Clement</u>.

Defendant submits evidence that Plaintiff's mail was originally confiscated for obscenity. (<u>See</u> ECF No. 28 at 7-8; Declaration of S. Hillman ¶ 2.)  The reviewer in Plaintiff's 602 appeal SATF D-19-01229 found that even if his mail may not have met the definition of obscenity, it was still contraband because it constituted mail containing information as to whom obscene material may be obtained- the company Doll.  (<u>Id.</u>)  Based on the evidence before the Court, Plaintiff has failed to

present clear and convincing evidence that Defendant Hillman violated the <u>Clement</u> order which banned a blank prohibition against access to internet material beyond substantial compliance, and any alleged violation was not based on a good faith and reasonable interpretation." <u>Wolfard Glassblowing Co. v. Vanbragt</u>, 118 F.3d 1320, 1322 (9th Cir. 1997).  Furthermore, the Court cannot determine the merits of Plaintiff's underlying First Amendment claim involving the confiscation of his photographs by way of a motion for civil contempt.  Thus, whether Plaintiff's constitutional rights were violated is an issue not presently before the Court.  Accordingly, Plaintiff's motion for civil contempt and monetary sanctions should be denied.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for civil contempt against Defendant Hillman be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 15, 2020**

_____
UNITED STATES MAGISTRATE JUDGE