UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., <br><br>　　　　　　Plaintiff, <br><br>　　　v. <br><br>M. DENNING, *et al.*, <br><br>　　　　　　Defendants. | No. 1:19-cv-00951-NONE-SAB (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION FOR CIVIL CONTEMPT <br><br>(Doc. Nos. 28, 31) |

　　　　Plaintiff James Cato, Jr., an inmate appearing *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 against several state correctional officers for violating his First Amendment rights.  (Doc. No. 1.)  Plaintiff now moves to hold defendants in civil contempt for violating a permanent injunction issued in *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098 (N.D. Cal. 2002), which was affirmed by the Ninth Circuit in *Clement v. California Dep't of Corr.*, 364 F.3d 1148 (9th Cir. 2004).  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 16, 2020, the assigned magistrate judge found that defendants did not violate the permanent injunction and recommended that plaintiff's motion for civil contempt be denied. (Doc. No. 31.)  The findings and recommendations were served on the parties and contained notice that objections were due within twenty-one days.  (*Id.*)  Plaintiff filed objections on April

1

30, 2020, and defendants filed a response on May 4, 2020.  (Doc. Nos. 32, 33.)  Pursuant to 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case and will adopt the findings and recommendations in full.

        The permanent injunction at issue enjoined the California Department of Corrections and Rehabilitation (CDCR) "from enforcing any policy prohibiting California inmates from receiving mail that contains Internet-generated information."  *Clement*, 220 F. Supp. 2d at 1116.  Because an injunction must be "narrowly drawn" and "the least intrusive means necessary to correct the violation of the Federal right," *Gomez v. Vernon*, 255 F.3d 1118, 1128–29 (9th Cir. 2001), the district court issuing the injunction in *Clement* emphasized that CDCR was only being enjoined "from enforcing a policy of rejecting prisoner mail based *solely* on the fact that the mail contains information downloaded from the Internet," *Clement*, 220 F. Supp. 2d at 1115 (emphasis added).  Plaintiff claims that defendants violated the permanent injunction by confiscating 30 photographs that he ordered from the internet.  (Doc. Nos. 28 at 2-3; 31 at 3.)  The pending findings and recommendations note that not only were the photographs in question confiscated due to their obscenity, they may also constitute contraband because they contain information that can be used to obtain obscene materials.  (Doc. No. 31 at 3.)  Because plaintiff's photographs were confiscated as obscenity or as contraband, the findings and recommendations concluded that their confiscation was not based "solely" on the fact that they were obtained from the internet and, therefore, not a violation of the permanent injunction issued in *Clement*.  (*Id.* at 3-4.)

        In his objections, plaintiff disputes that the photographs were obscene, without explaining what they are or why they are not obscene, and contends that the injunction in *Clement* bars "any" information obtained from the internet from being confiscated by CDCR.  (Doc. No. 32 at 1-2.)  In addition to the lack of evidence supporting plaintiff's position, he also misreads the scope of the permanent injunction issued in *Clement*.  As noted, that injunction does not prohibit the confiscation of just "any" material from the internet; rather, it prohibits the CDCR from implementing any policy that would confiscate a material "solely" because it "contains information downloaded from the Internet."  *Clement*, 220 F.Supp.2d at 1115.  In other words, under the injunction in *Clement*, plaintiff's photographs could be confiscated even though they

were obtained from the internet because they were also obscene or constituted contraband.  For these reasons, the court finds that plaintiff has failed to justify his request for civil contempt by "clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). Having carefully reviewed the entire file, including plaintiff's objections, the court finds the pending findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1.) The April 16, 2020 findings and recommendations (Doc. No. 31) are adopted in full; and

2.) Plaintiff's motion for civil contempt (Doc. No. 28) is denied.

IT IS SO ORDERED.

Dated:   **June 8, 2020**

UNITED STATES DISTRICT JUDGE